# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEROY BERRY,**

       **Plaintiff,**

v.                                           Case No:  6:12-cv-1110-Orl-28GJK

**JAMIE MCGOWAN, JACK PARKER
and BOARD OF COUNTY
COMMISSIONERS OF BREVARD
COUNTY, FLORIDA,**

       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS SHERIFF PARKER AND THE BREVARD COUNTY BOARD OF COMMISSIONER'S MOTION TO DISMISS (Doc. No. 6)** |
| **FILED:** | **August 13, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and the case be dismissed without prejudice**. | |

> **MOTION:** PLAINTIFF'S MOTION FOR LEAVE OF COURT TO CONTINUE THIS CAUSE UNTIL THE PLAINTIFF CAN OBTAIN FURTHER EVIDENCE AND SATISFY A STATUTORY PREREQUISITE SUPPORTING HIS CLAIM AGAINST THE SHERIFF OF BREVARD COUNTY (Doc. No. 11)
>
> **FILED:** August 28, 2012
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

On July 17, 2012, Leroy Berry (the "Plaintiff") filed a seven count complaint (the "Complaint") against Deputy Sheriff Jamie McGowan ("McGowan"), Brevard County Sheriff Jack Parker ("Parker"), and the Board of County Commissioners of Brevard County, Florida (the "Board"). Doc. No. 1. The gravamen of the Complaint is that Plaintiff's constitutional rights were violated when he was wrongfully arrested by McGowan and charged with battery on a fireman. Doc. No. 1 at 3-11.[1] Plaintiff also alleges that Parker failed to adequately train and supervise McGowan. Doc. No. 1 at 11-14. Although the Board is named as a defendant, Plaintiff raises no specific claim against it. Doc. No. 1.

On August 13, 2012, Parker and the Board filed a motion to dismiss (the "Motion"), arguing that the case should be dismissed against them because: 1) liability under Section 1983 may not be based on the doctrine of respondent superior; 2) Plaintiff failed to comply with the mandatory notice provisions of Section 768.28(6), Florida Statutes, before filing the Complaint; and 3) no claims are raised against the Board and it is not responsible for the law enforcement

---

[1] Plaintiff raises the following claims against McGowan: 1) violation of 42 U.S.C. § 1988; 2) violations of Plaintiff's rights under the Fourth and Fourteenth Amendments, presumably pursuant to 42 U.S.C. § 1983; 3) common law assault; 4) common law battery; and 5) false arrest. Doc. No. 1 at 3-11.

functions of Parker.  Doc. No. 6 at 6-8.  Parker and the Board also argue that they are entitled to a more definite statement.  Doc. No. 6 at 4-5.[2]

On August 28, 2012, Plaintiff filed a motion to continue the case until March 27, 2013 (the "Motion to Continue"), so Plaintiff can comply with the pre-suit notice requirements of Section 768.28(6), Florida Statutes.  Doc. No. 11.  Plaintiff acknowledges that he did not comply with Section 768.28(6), Florida Statutes as to Parker and the Board before filing the Complaint and that the Motion as to the Board is meritorious.  Doc. No. 11 at 1-2.  Instead of dismissing the case without prejudice, however, Plaintiff requests that the case be stayed until March 27, 2013, so he can comply with Section 768.28(6) and "to gather evidence" against Parker.  Doc. No. 11 at 2.  On September 10, 2012, Parker and the Board filed a response arguing that the Court should dismiss the case without prejudice rather than staying the case.

As set forth above, Plaintiff concedes that he failed to comply with Section 768.28(6) before filing the Complaint.  Doc. No. 11 at 1-2.  "[U]nder Florida law, a complaint brought without first providing statutory notice must be dismissed without prejudice in order to allow the plaintiff to comply with the notice requirement. . . ."  *Rumler v. Dep't of Corr., Fla.*, 546 F.Supp.2d 1334, 1344 (M.D. Fla. 2008).  Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 6) only to the extent that the case be dismissed without prejudice;

2. **DENY** the Motion to Continue (Doc. No. 11); and

3. Direct the Clerk to close the case.

---

[2] Section 768.28(6)(a), Florida Statutes provides that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing."  *Id*.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 25, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy